IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00440-RJC
(3:08-cr-00012-RJC-1)

| | |
|---|---|
| CORDARYL COLEMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration of the Respondent's unopposed motion to stay disposition of this collateral proceeding which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 3).

Petitioner was convicted on one count of conspiracy to commit robbery affecting interstate commerce, and robbery affecting interstate commerce and aiding and abetting the same, all in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 1 and 2); and one count of the possession of a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2. (Count 3). Petitioner was sentenced to concurrent terms of 70-months' imprisonment on Counts 1 and 2, and a consecutive term of 84 months on Count 3 and he did not appeal.

In his § 2255 Motion to Vacate, Petitioner contends that his conviction on Count 3 for violating § 924(c) should be vacated because his convictions on the Hobbs Act conspiracy and robbery charged in Counts 1 and 2 no longer qualify as crimes of violence based on the holding in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), in which the Court struck down the residual

1

clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after concluding that it was unconstitutionally vague.

Respondent moves for a 60-day extension from the date the Fourth Circuit issues its mandate in the cases of United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640, in order to file a response to Petitioner's Motion to Vacate. Respondent contends that the issue of whether the offenses of Hobbs Act robbery and conspiracy to commit a Hobbs Act Robbery are predicate "crimes of violence" following Johnson may be resolved after these decisions are filed. Both of these cases are scheduled for oral argument in October.

The Court finds that because the issues involved in the Ali and Simms case are likely relevant to resolution of Petitioner's case, Respondent's motion to stay will be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay is **GRANTED**, (Doc. No. 3), and Respondent shall have 60-days after the Court files its opinions in United States v. Ali and United States v. Simms to file a response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED**.

Signed: September 22, 2016

Robert J. Conrad, Jr.
United States District Judge

2